WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—May, 1883.

METROPOLITAN TRUST CO. v. ROGERS.

*In the matter of the estate of* WILLIAM A. SEAVER, *deceased.*

In a proceeding by an executor, etc., to discover assets withheld, an answer, under Code Civ. Pro., § 2710, as amended in 1881, that the per-

son cited "is the owner of the property" in question, is sufficient without showing how he became such; but where he claims to be "entitled to the possession thereof, by virtue of a lien thereon or special property therein," he must allege the facts necessary to sustain the claim.

Decedent's executor having instituted proceedings under Code Civ. Pro., § 2706, to compel one R. to make discovery concerning certain property of the estate alleged to be in his possession, consisting of the capital stock of the A. company, and the stock and bonds of other corporations, respondent interposed an answer, to the effect that he was entitled to the possession thereof by virtue of a lien thereon and special property therein as receiver, appointed by the Supreme Court, of the property of the A. company, or in which it had any beneficial interest.—

*Held*, that this, though conclusive as to the stock of the A. company, was insufficient as to the other stock and the bonds; but that, the nature of respondent's property in the latter being indicated on the argument, he should be allowed to file an amended answer, embodying the necessary allegations in respect thereto.

THIS was an application made by the Metropolitan Trust Company of New York, as executor, to compel Nelson G. Rogers to make discovery concerning certain property of the estate of the decedent, alleged to be in his hands. Upon the return of the citation and order granted on such application, Rogers presented and filed a verified answer, in which he stated that he was entitled to the possession of said property, by virtue of a lien thereon and special property therein as receiver, duly appointed by the Supreme Court, of the property and effects of the Adriatic Fire Insurance Company, or in which it had any beneficial interest.

THOS. G. HILLHOUSE and O. C. BUELL, *for petitioner.*

FOSTER & THOMSON, *opposed.*

THE SURROGATE.—This proceeding is instituted under § 2706 of the Code for the discovery, etc., of property claimed, by the petitioner, to belong to decedent's estate, of the alleged value of $150,000, consisting of the entire

capital stock of the Adriatic Fire Insurance Company, and the stocks and bonds of ten other companies and municipalities. The counsel for Mr. Rogers files a written answer, duly verified by him, under the last clause of section 2710, being the amendment added in 1881, and asks a dismissal of the proceeding. That amendment provides that, where such an answer shall be interposed, to the effect that the person cited is the owner of the property, or entitled to the possession thereof by virtue of any lien thereon or special property therein, the proceedings shall be dismissed. Hence, if the person so cited shall answer that he is the absolute owner of the property, he will not be required to show how he became such. It is the statement of a fact which ends the inquiry; but where he alleges, as in this case, that he is entitled to the possession by virtue of a lien upon, or special property in, it, his answer should state the facts necessary to sustain the allegation. It was attempted to so state them in this instance, the answer alleging that he holds it as receiver of the Adriatic Fire Insurance Company. This, I think, is not sufficient, as to any of the property other than the capital stock of such company, as to which, alone, it is conclusive. As to the other stocks and the bonds, he might as well claim that he holds them as the assignee of John Jones, and ask that, therefore, the proceedings be dismissed. As it was, however, alleged orally, and seemed to be conceded on the argument, that these other stocks and bonds, in which the decedent had some personal interest, were held, in some way, by the Adriatic Fire Insurance Company, of which the deceased had been duly appointed receiver in his lifetime, by the Supreme Court, and who, after his

death, was succeeded as such, by Mr. Rogers, I shall, before taking any further action, permit him to file an amended affidavit embodying these allegations, about which there seems to be no controversy, and then, if that be done, make an order dismissing the proceedings. Otherwise, the examination of Mr. Rogers as to these other stocks and the bonds will be proceeded with.

Ordered accordingly.